IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATTIE A. COXEY, | | |
| | Plaintiff, | No. CIV S-09-2530 EFB |
| vs. | | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | | ORDER AND<br>FINDINGS AND RECOMMENDATIONS |
| | Defendant. | |
| _____/ | | |

On September 10, 2009, plaintiff filed a social security complaint and an application to proceed in this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. Nos. 1, 2. Because plaintiff's application and affidavit in support thereof did not provide complete information regarding plaintiff's ability to pay or give security for court costs, the undersigned ordered plaintiff to file, on or before September 28, 2009, a further affidavit containing information regarding her husband's income and whether she is supported by that income, and an accounting of her monthly expenses. Dckt. No. 3. The September 14, 2009 order stated that once the further affidavit was submitted, the court would resume consideration of plaintiff's application to proceed *in forma pauperis*. *Id.* However, the court file reveals that no further affidavit was submitted.

1

Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). The court may nonetheless authorize commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a)(1). An *in forma pauperis* applicant need not be absolutely destitute to qualify for the waiver, but must demonstrate that because of his poverty, he cannot meet court costs and still provide himself and his dependents with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The determination whether a plaintiff is indigent, and thus unable to pay the filing fee, falls within the district court's reasonable discretion. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). "[P]ermission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citation omitted). "[T]he same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (citation omitted).

As noted in the September 14, 2009 order, plaintiff's application for *in forma pauperis* status states that she owns a certificate of deposit ("CD") worth $15,500 (with a maturity date of December 2010) and a 2007 Ford Edge AWD, and that her "husband drives to work." Because the affidavit did not provide any information about plaintiff's monthly expenses or about her husband's income, the court gave plaintiff an opportunity to file a further affidavit so that it could evaluate whether plaintiff can pay or give security for court costs and still be able to provide herself with the necessities of life. *See Adkins*, 335 U.S. at 339; *see also Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984) ("in ruling on motions to proceed *in forma pauperis*, . . . courts have considered the income of interested persons, such as spouses and parents, in evaluating the funds available to the movant. . . . If the plaintiff is supported by her

spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts.").

Without any further information from plaintiff, in light of plaintiff's $15,500 CD and 2007 Ford Edge AWD and the fact that plaintiff's spouse is currently employed, this court cannot conclude that plaintiff cannot pay the $350.00 filing fee and initial service costs and still provide herself and her dependents with the necessities of life. Accordingly, the court will recommend denial of plaintiff's application to proceed *in forma pauperis*. The court notes, however, that this recommendation is limited to payment of the filing fee and the initial service costs. Because the benefits accorded to a plaintiff who has been granted *in forma pauperis* status may extend beyond payment of the filing fee (e.g., such benefits may include the costs of preparing a transcript and printing the record on appeal, *see* 28 U.S.C. § 1915(c)), if these findings and recommendations are adopted and if plaintiff's circumstances change, plaintiff may pursue such benefits in a subsequent application. "If a pay-as-you-go plaintiff is, down the road, confronted with necessary expenses of litigation which overshoot his then-available means, he can at that time, by proper petition, seek refuge under § 1915." *Temple*, 586 F. Supp. at 852, n. 7 (citation omitted); *but cf.*, *Wiideman v. Harper*, 754 F. Supp. 808, 809 (D. Nev. 1990) (conversely, a court does not remain bound to by its initial grant of *in forma pauperis* status if the plaintiff's financial situation improves).

Accordingly, the Clerk is directed to randomly assign a United States District Judge to this case. Further, IT IS HEREBY RECOMMENDED that plaintiff's application to proceed *in forma pauperis* be DENIED, and plaintiff be given thirty days within which to pay the filing fee of $350.00.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: October 19, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4