1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATTIE A. COXEY,

11          Plaintiff,                    No. 2:09-cv-2530 EFB

12          vs.

13   MICHAEL J. ASTRUE,                   <u>ORDER</u>
     Commissioner of Social Security,
14
            Defendant.
15   _____/

16          On September 10, 2009, plaintiff filed a complaint seeking judicial review of a final

17   decision of the Commissioner of Social Security ("Commissioner") denying her application for

18   Social Security benefits.  Dckt. No. 1.  On September 29, 2011, the court issued an order

19   upholding the denial of plaintiff's application, and judgment was entered in the Commissioner's

20   favor.  Dckt. Nos. 34, 35.  Presently before the court is plaintiff's motion to alter or amend the

21   judgment pursuant to Federal Rule of Civil Procedure 59(e).  Dckt. No. 36.  The Commissioner

22   opposes the motion.  Dckt. No. 37.  For the following reasons, plaintiff's motion is denied.

23   I.     <u>Rule 59(e) Standard</u>

24          Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a

25   judgment must be filed no later than 28 days after the entry of the judgment."  The United States

26   Court of Appeals for the Ninth Circuit has identified four grounds for providing relief under

1

1   Rule 59(e): (1) to correct manifest errors of law or fact upon which the judgment is based, (2) to

2   present newly discovered or previously unavailable evidence, (3) to apply an intervening change

3   in the law, and (4) to prevent manifest injustice. *McDowell v. Calderon*, 197 F.3d 1253, 1255

4   n.1 (9th Cir. 1999) (per curiam and en banc). A district court has considerable discretion in

5   ruling on a motion brought pursuant to Rule 59(e). *Id*. "While Rule 59(e) permits a district

6   court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be

7   used sparingly in the interest of finality and conservation of judicial resources." *Carroll v.*

8   *Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). When seeking

9   reconsideration, a party is not permitted to "raise arguments or present evidence for the first time

10   when they could reasonably have been raised earlier in the litigation." *Id*.

11   II.   <u>Discussion</u>

12        Plaintiff argues that relief under Rule 59(e) is warranted to correct the errors of law on

13   which the court's judgment is based. Pl.'s Mem. of P & A ISO Mot. to Alter or Am. J., Dckt.

14   No. 36-1 at 2. Specifically, plaintiff argues that the court erred by failing to apply the proper

15   legal standard in finding that (1) the ALJ provided clear and convincing reasons for not crediting

16   plaintiff's testimony, and (2) the ALJ articulated legally adequate reasons for rejecting plaintiff's

17   treating physician's opinion. *Id*. at 2, 18.

18   A.   <u>Plaintiff's Testimony</u>

19        Plaintiff first contends that the court erred in failing to apply the proper legal standards in

20   evaluating plaintiff's credibility. Dckt. No. 36-1 at 2. In his decision, the ALJ gave three

21   reasons for discrediting plaintiff's testimony: 1) plaintiff's alleged limitations were not supported

22   by the objective medical evidence to the extent claimed; 2) examination showed that plaintiff

23   was not putting out her full effort, and perceived herself to be more limited than she actually

24   was; and 3) Dr. Goodwin, plaintiff's treating physician, recommended conservative care to

25   plaintiff, but she did not follow all of his recommendations.

26   ////

This court found that the first two proffered reasons were clear and convincing.  Dckt. No. 34 at 7-8.  Because the ALJ first two reasons were clear and convincing, the court declined to rule on whether the last reason was legally sufficient.  *Id*. at 8.

Plaintiff argues that the court erred in finding that the first reasons was a sufficient basis for discrediting plaintiff's testimony because, under Ninth Circuit precedent, an adverse credibility finding cannot be premised wholly on a lack of medical evidence supporting the allegations of pain.  Dckt. No. 36-1 at 3.  *See Light v. Social Sec. Admin*, 119 F.3d 789, 792 (1997) ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain.").  The court, however, did not find that the ALJ rejected plaintiff's testimony based wholly on the ALJ's finding that record did not support plaintiff's allegations of pain.  Rather, the court also found that the ALJ properly discredited plaintiff's testimony based on her failure to put forth her full effort during examination.

Plaintiff further contends that the ALJ failed to consider the record as a whole in determining whether the medical evidence supported plaintiff's allegations of pain.  Dckt. No. 34 at 7.  The court's September 29, 2011 order discussed the evidence that supported the ALJ's first reason for discrediting plaintiff's testimony:

> [T]he ALJ explained that an MRI of plaintiff's spine showed minimal abnormalities; an xray of the spine on the date of plaintiff's injury was normal; and her treating physician, Dr. Mott, thought that she could perform light work.  [AR] at 523.  Dr. Michelson found that plaintiff had grossly normal range of motion testing with the exception of "slight muscle tenderness" to palpitation over the lower back, and there was no muscle spasm and muscle tome was equal throughout.  *Id*.  Dr. Goodwin found that no Waddell's signs were present, although plaintiff had 14 of 18 trigger points, consistent with a diagnosis of fibromyalgia.  *Id*.  Thus, the objective medical evidence did not corroborate the severe limitations plaintiff attested to.

Dckt. No. 34; *see also* AR 470.

Plaintiff cites to other evidence in the record that could possibly support a contrary finding.  Dckt. No. 36-1 at 5.  However, it is the ALJ's responsibility to weigh the medical evidence and "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  *Thomas v. Barnhart*,

278 F.3d 947, 954 (9th Cir. 2002).  The evidence relied upon by the ALJ supports his

determination that the plaintiff's allegations of pain were not as severe as alleged.  Accordingly,

the court may not disturb this finding.[1]

The undersigned also found that the second reason provided by the ALJ–that examination

showed that plaintiff was not putting out her full effort, and perceived herself to be more limited

than she actually was–was a legally sufficient basis for discrediting plaintiff's testimony.

Plaintiff claims that the court erred in reaching this determination because the "ALJ gave

greater weight to the opinions of one-time examining unaccepted medical source (physical

therapists) than those of examining medical specialist, Dr. Jeremy Goodwin . . . and of treating

physician Dr. Richman, MD."  Dckt. No. 36-1 at 6.  Plaintiff misunderstands the court's

analysis.  The ALJ's rejection of plaintiff's treating physician's medical opinion is a separate

consideration from the ALJ's assessment of plaintiff's credibility.  In assessing plaintiff's

credibility, the ALJ observed that there was evidence in the record that plaintiff failed to put

forth her full effort upon examination.  In denying plaintiff's motion for summary judgment, the

court held that the notes from plaintiff's physical therapy evaluation is evidence which supported

the ALJ's finding that plaintiff did not put forth her full effort upon evaluation.  Dckt. No. 34 at

7-8.  Such a finding bears directly upon whether the plaintiff's testimony at the hearing as to

degree of functional limitations was fully creditable.  The plaintiff's failure to put forth her full

effort was a legally sufficient basis for upholding the ALJ's credibility determination.  *See*

*Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (finding that a claimant's lack of

cooperation and poor effort during examination was a legally sufficient basis for the ALJ's

---

[1]  Plaintiff briefly argues that the ALJ's credibility finding is contradicted by his own Step 2 determination that plaintiff's back pain and fibromyalgia were severe impairments.  Dckt. No. 36-1 at 5.  Plaintiff is mistaken.  The step two severity determination is "merely a threshold determination of whether the claimant is able to perform his past work, and a finding that a claimant is severe at step two only raises a prima facie case of a disability."  *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007).  Thus, an ALJ's finding that an impairment is severe at step two does not compel its inclusion in the RFC at step five.  *Maher v. Commissioner of Social Sec. Admin.*, 474 Fed. Appx. 609, 2012 WL 2860751, at *609-10 (9th Cir. July 12, 2012).

1    adverse credibility determination).

2          Based on the foregoing, the court did not legally err in upholding the ALJ's credibility

3    finding.

4    B.    Treating Physician's Opinion

5          Plaintiff next argues that the court erred in holding that the ALJ was only required to

6    provide legitimate and specific reasons for rejecting plaintiff's treating physician's opinion.

7    Dckt. No. 36-1 at 18-20.  As explained in the court's September 29, 2011 order, the weight given

8    to medical opinions depends in part on whether they are proffered by treating, examining, or

9    non-examining professionals.  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).  Ordinarily,

10   more weight is given to the opinion of a treating professional, who has a greater opportunity to

11   know and observe the patient as an individual.  *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1295 (9th

12   Cir. 1996).  To evaluate whether an ALJ properly rejected a medical opinion, in addition to

13   considering its source, the court considers whether (1) contradictory opinions are in the record;

14   and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

15   treating or examining medical professional only for "clear and convincing" reasons.  *Lester*, 81

16   F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

17   rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  *Id.* at

18   830.  While a treating professional's opinion generally is accorded superior weight, if it is

19   contradicted by a supported examining professional's opinion (e.g., supported by different

20   independent clinical findings), the ALJ may resolve the conflict.  *Andrews v. Shalala*, 53 F.3d

21   1035, 1041 (9th Cir. 1995) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

22   However, "[w]hen an examining physician relies on the same clinical findings as a treating

23   physician, but differs only in his or her conclusions, the conclusions of the examining physician

24   are not 'substantial evidence.'"  *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

25         Dr. Richman, plaintiff's treating physician, opined that plaintiff could work "4-6 hours

26   depending on [the] type of work" in an 8-hour day; plaintiff was limited in sitting and standing

5

1   for 20 minutes at a time; "per patient," plaintiff needed to lie down for 45 minutes five or six

2   times a day; could occasionally lift up to 10 pounds, but never more than that; could never climb;

3   and could only occasionally bend.  AR 367.

4       Dr. Mihelson, who conducted a complete internal medicine evaluation, opined that

5   plaintiff only had postural limitations "and should avoid frequent bending, kneeling, stooping,

6   crouching, and crawling.  Otherwise, there are no restrictions from an internal medicine

7   standpoint."  *Id*. at 230.  The record also contains a physical residual functional capacity

8   assessment form completed by Dr. Clancey.  *Id*. at 342-49.  Dr. Clancey opined that plaintiff

9   could lift 20 pounds occasionally and 10 pounds frequently, sit and stand for 6 hours in an 8-

10  hour workday, and not limited in pulling and lifting.  *Id*. at 343.

11      Drs. Mihelson and Dr. Clancey's opinions completely contradict the severe functional

12  limitations assessed by Dr. Richman.  Thus, the court did not err in finding that ALJ was only

13  required to provide specific and legitimate reasons to reject Dr. Richman's opinion.  Plaintiff

14  claims, however, that the these opinions could not have possibly contradicted Dr. Richman's

15  opinion because they were rendered prior to Dr. Richman's opinion.  Dckt. No. 36-1 at 19.

16  Unsurprisingly, plaintiff cites no authority to support the proposition that a treating physician's

17  opinion can only be contradicted by a subsequent opinion.  Furthermore, the court's independent

18  research fails to reveal any cases supporting such an absurd argument.

19      As explained in the court's prior order, the ALJ provided the following specific and

20  legitimate reasons for rejecting Dr. Richmand's medical opinion: 1) the opinion was "essentially

21  reflective of information" plaintiff provided to the doctor, "as they went through the form

22  together," and was therefore "largely based on the [plaintiff's] subjective complaints," 2) the

23  opinion was "not fully corroborated by clinical findings," and 3) Dr. Richman wrote on her

24  opinion that a physical therapist should perform a work evaluation to determine plaintiff's work

25  restrictions.  Dckt. No. 34 at 9-10.

26  ////

6

1       Relying on *Ryan v. Commissioner of Social Security*, 528 F.3d 1194 (9th Cir. 2008),

2 plaintiff argues that the court erred in finding that the ALJ's first reason was legally sufficient to

3 reject Dr. Richmand's opinion.  In *Ryan*, the Ninth Circuit held that "an ALJ does not provide

4 clear and convincing reasons for rejecting an examining physician's opinion by questioning the

5 credibility of the patient's complaints where the doctor does not discredit those complaints and

6 supports his ultimate opinion with his own observations."  Plaintiff's reliance on *Ryan* is

7 misplaced, as there is no indication that Dr. Richman supported her opinion with her own

8 observations.  Indeed, plaintiff testified that the opinion "was a form [she had gone] over with

9 Dr. Richman," and that Dr. Richman "was asking me questions, and she was writing it down."

10 AR 501.  This evidence supports the ALJ's finding that Dr. Richman's opinion was based on

11 plaintiff's subjective complaints and not her own medical findings.  Accordingly, the court did

12 not err in holding that the ALJ properly rejected Dr. Richman's opinion.[2]

13 III.    <u>Conclusion</u>

14       The instant motion amounts to little more than plaintiff rehashing arguments this court

15 has already rejected.  Plaintiff has failed to show that the court erred in applying the proper legal

16 standard in denying plaintiff's motion for summary judgment.  Nor has plaintiff satisfied the

17 requirements of Rule 59(e) by showing the judgment must be set aside to prevent manifest

18 injustice due to a manifest error of law or fact upon which the judgment is based, or newly

19 discovered or previously unavailable evidence, or an intervening change in the law.  *McDowell*

20 *v. Calderon*, 197 F.3d at 1255 n.1  Accordingly, it is hereby ORDERED that plaintiff's motion to

21 amend the judgment, Dckt. No. 36, is denied.

22 DATED: January 14, 2013.

23

24                                   EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE

25      [2] As this basis alone is sufficient to uphold the ALJ's rejection of Dr. Richman's opinion,
the court declines to address plaintiff's arguments that the court erred in analyzing the ALJ's

26 second and third reasons for rejecting Dr. Richman's opinion.